**FILED**
**08-26-2022**
**Clerk of Court**
**Marinette County**
**2022CV000190**
**Honorable Jane M. Sequin**
**Branch 1**

STATE OF WISCONSIN       CIRCUIT COURT
MARINETTE COUNTY       BRANCH ___

Starcha Sporrer
N2360 Rivers Edge Drive
Marinette, WI 54143
                    Plaintiff,                      2022-CV-_____

v.

Joseph Dulak                          Case Code: 30303 Other Contracts
4108 Michigan Shores Dr.                      30701 Declaratory Judgement
Menominee, MI 49858                           30106 Intentional Tort

                    Defendant,

## THE STATE OF WISCONSIN TO THE NAMED ABOVE AS A DEFENDANT:

You are hereby notified that the Plaintiff above named has filed a lawsuit or other legal action against you. The Complaint which is attached states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is:

                    Clerk of Circuit Court
                    Marinette County Courthouse
                    1926 Hall Ave.
                    Marinette, WI 54143

and to Plaintiff's attorney, whose address is:

                    Johnson & Wilson Law, S.C.
                    P.O. Box 376
                    1745 Stephenson Street
                    Marinette, WI 54143

You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award money or other legal action requested in the Complaint, and

you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 26th day of August, in the year of our Lord, Two Thousand and Twenty-Two.

JOHNSON & WILSON LAW, S.C.

Electronically signed by Nathaniel A. Johnson, Esq.
State Bar No. 1070869
Attorney for Plaintiff

Johnson & Wilson Law, S.C.
P.O. Box 376
1745 Stephenson Street
Marinette, WI 54143
Direct: 715-735-6671
Fax: 888-400-4559

**FILED**
**08-26-2022**
**Clerk of Court**
**Marinette County**
**2022CV000190**
**Honorable Jane M. Sequin**
**Branch 1**

STATE OF WISCONSIN          CIRCUIT COURT          MARINETTE COUNTY
                                    BRANCH ___

Starcha Sporrer
N2360 Rivers Edge Drive
Marinette, WI 54143                          Case No 2022 CV _____

                    Plaintiff,
v.                                           Case Code:
                                             30303 Other Contracts
Joseph Dulak                                 30701 Declaratory Judgment
4108 Michigan Shores Dr.                     30106 Intentional tort
Menominee, MI 49858


Keeko, LLC
A Michigan Limited Liability Company
c/o Joseph Dulak, Registered Agent
3631 10th Street, Menominee, Michigan, 49858

                    Defendants,

                    COMPLAINT

---

    **NOW COMES THE PLAINTIFF**, Starcha Sporrer, by her Attorneys, Johnson & Wilson Law, S.C., by Nathaniel A. Johnson, Esq., and as and for a Complaint alleges and shows to the Court as follows:

### PARTIES

1. The Plaintiff, Starcha Sporrer is an Adult Wisconsin Resident, with a mailing address of N2360 Rivers Edge Drive, Marinette, WI 54143.

2. On information and belief, the Defendant, Joseph Dulak, is an adult resident of the State of Michigan, with a mailing address of 4108 Michigan Shores Dr., Menominee, MI 49858 (herein after "Dulak")

3. On information and belief, Defendant Keeko, LLC, is a Michigan Limited Liability Company with a registered office address of 3631 10th Street, Menominee, Michigan, whose registered agent is Joseph Dulak. (herein after "Keeko")

## VENUE AND JURISDICTION

4. Venue is proper in Marinette County, as the Real Estate at issue herein is situated in Marinette County, Wisconsin.

5. This court has Subject Matter Jurisdiction over this suit pursuant to Wis. Stat. 801.04, and the Wisconsin Constitution Article VII, §8.

## GENERAL ALLEGATIONS

6. The real estate at issue in this litigation is located at N2360 Rivers Edge Dr., Marinette Wisconsin, and is more particularly described as:

   That part of the SE ¼ of the NE 1/4 of Section 26, Township 30 North, Range 23 East, in the Town of Peshtigo, Marinette County, Wisconsin, described as: Beginning on the West line of said forty (as fenced), as a point 1653.06 feet South from the Northwest corner of the NE 1/4 of NE 1/4 (said point being 1110 feet South from the Southeast line of County Trunk Highway "B"); thence continuing South on said West line (as fenced), 354.53 feet; thence North 89° 38' 50" East, 661.15 feet; thence North 00° 09' East, 222.65 feet; thence West 114.28 feet; thence north 27° 03' 06" West, 200 feet; thence Westerly along the arc of a curve to the right whose radius is 50 feet and whose chord bears North 58° 31' 33" West, 85.29 feet, to the end of said curve, thence South 95 feet; thence West 383.66 feet, to point of beginning. Tax parcel #: 024-01443.004 (herein after the "Property")

7. The Plaintiff, Starcha Sporrer, on or about September of 2018, began working as a licensed real estate salesperson exclusively for Statewide Real Estate in Menominee, Michigan.

8. Statewide Real Estate is a company offering real estate brokerage and sales services in Wisconsin and Michigan, and is managed and owned, at least in part, by Joseph Dulak. (hereinafter "Statewide")

9. During the time which the Plaintiff worked for Statewide, the Plaintiff identified a home which she desired to purchase, and approached Dulak to inquire if he would be willing to purchase the Property and sell it to her on a land contract.

10. Dulak agreed to purchase the Property and sell it to the Plaintiff on a land contract.

11. On information and belief, Dulak set up a limited liability company known as Keeko, LLC, which purchased the property on or about May 22, 2020.

2 | C o m p l a i n t

12. In May of 2020, Dulak told the Plaintiff that he would draft the land contract and submit it to her for signature.

13. On information and belief, sometime in May of 2020, Dulak, without a law license, drafted a Lease with an option to purchase and submitted it the Plaintiff for signature. (herein after the "Lease", which is attached hereto as Exhibit A)

14. The Lease contained an option to purchase the property for $152,000.00.

15. Shortly thereafter, the Plaintiff objected to the Lease and told Dulak that they agreed upon a Land contract, however, Dulak refused to enter into a land contract for the property and insisted that he would not pay the Plaintiff her earned commissions from Statewide until she signed the Lease.

16. In addition to wrongfully withholding earned commissions from the Plaintiff, the Defendant Joseph Dulak created a hostile work environment which included exploiting the plaintiff's financial dependency on Dulak, and frequent occurrences of sexual harassment.

17. Due to the Dulak's exploitation and coercion, the Plaintiff, under duress, signed the Lease in July of 2020.

18. The Plaintiff, on numerous occasions, requested that she be provided a copy of the signed Lease, but has not yet received a copy of the lease signed by Dulak on behalf of Keeko, LLC.

19. After signing the Lease, the Plaintiff began extensive remodeling projects to the Property, and moved into the Property in November 2020.

20. During the course of the Plaintiff's possession of the property, the plaintiff expended over $20,000 in labor and over $46,000.00 in materials improving the Property.

21. The Plaintiff contacted a lender to finance the purchase of the property, and was informed that she was pre-approved for a loan, but that the bank required a copy of the signed Lease in order to finance the purchase.

22. On March 1st, 2021, the Plaintiff notified Dulak that she desired to exercise her option to purchase, and requested that he provide her a copy of the signed Lease, but Dulak refused.

23. The Plaintiff's lender refused to provide funding without a signed copy of the Lease and option.

24. On March 9th, 2021, Dulak, on behalf of Statewide, withheld $2,000.00 from the Plaintiff's commission check and stated that he was applying it to the principal due on the option contract.

25. The Plaintiff's independent contractor relationship with Statewide was terminated by Dulak on October 10th, 2021.

26. On October 11, 2021, Dulak sent the Plaintiff a letter raising the rental payments due under the lease by 25%.

27. On October 23rd, 2021, Dulak sent a cure or vacate letter to the Plaintiff, but failed to address it to the Plaintiff's home address as stated in the Lease.

28. On February 4th, 2022, by and through her attorney, the Plaintiff sent Dulak a letter reiterating that she was ready to close the property and stated she would do so within 60 days.

29. On or about August 3, 2022, Dulak contacted the Plaintiff and stated that his family decided that the Property did not "function well in its portfolio as it is now performing" and they decided to put it on the market for around $249,900.00.

30. The Defendant Dulak, on behalf of Keeko, sent an eviction notice to the Plaintiff on August 11th, 2022.

FIRST CAUSE OF ACTION:
FRAUDULENT MISREPRESENTATION
As to Defendant Dulak

31. The Plaintiff realleges and states the facts contained in paragraphs 1 through 30 above as if stated fully herein.

32. This cause of action is based on the facts contained herein and the cause of action codified in Wis. Stat. 100.18.

33. In May of 2020, Defendant Dulak represented to Plaintiff that he would purchase the Property and sell it to the Plaintiff by a land contract. This representation was untrue, as Dulak had no intention to do so.

34. Plaintiff reasonably believed the Defendants' misrepresentation and relied on the Plaintiff's representation that he would sell her the property.

35. Plaintiff was damaged by her reliance on Defendants' misrepresentation as she was deprived the rights of title in the real estate and the costs of labor and materials she expended on the Property's improvement.

36. Dulak's representations were with total disregard for the rights of the Plaintiff, and were willful and malicious.

## SECOND CAUSE OF ACTION:
### FRAUDULENT MISREPRESENTATION
### As to Defendant Keeko, LLC and Dulak

37. The Plaintiff realleges and states the facts contained in paragraphs 1 through 36 above as if stated fully herein.

38. This cause of action is based on the facts contained herein and the cause of action codified in Wis. Stat. 100.18.

39. In May of 2020, Defendant Dulak, acting on behalf of Keeko, LLC, represented to Plaintiff that the LLC would sell the Property to the Plaintiff by an Option to Purchase included in the Lease. This representation was untrue, as neither Dulak nor Keeko, LLC had any intention to do so.

40. Plaintiff reasonably believed the Defendants' misrepresentations and relied up the Defendants' representation that he would sell her the property.

41. Plaintiff was damaged by her reliance on Defendants' misrepresentation as she was deprived the rights of title in the real estate and the costs of labor and materials she expended on the Property's improvement.

42. The Defendants' representations were with total disregard for the rights of the Plaintiff and were willful and malicious.

## THIRD CAUSE OF ACTION
### DECLARATORY JUDGMENT

This is an action for a declaratory judgment pursuant to Wis. Stat. § 806.04.

43. The Plaintiff realleges and states the facts contained in paragraphs 1 through 42 above as if stated fully herein.

44. The purpose of this action is to request that the court declare the rights of the parties, and as more fully set forth herein.

45. A judgment or decree in this action will terminate the controversy or remove an uncertainty giving rise to the proceeding.

46. The Plaintiff did notify the Defendant, Keeko, LLC, of her desire to exercise their option to purchase under the Agreement.

47. The Plaintiff requested that the Defendant provide her a signed copy of the Lease and option, which was required by the bank in order to process her financing.

48. The Defendant refuses to honor the agreement of the parties and sell the property to the Plaintiff at the agreed upon price.

FOURTH CAUSE OF ACTION
UNJUST ENRICHMENT
As to Defendant Keeko

49. The Plaintiff realleges and states the facts contained in paragraphs 1 through 48 above as if stated fully herein and pleads this cause of action in the alternative to enforcement of the Lease in the contract is deemed void or voidable.

50. The contract between the parties was induced by fraud, specifically that the Defendants lied about their willingness to sell the property to the Plaintiff and used coercive means to force the Plaintiff into entering into the contract under duress, and is thus voidable by the Plaintiff.

51. The Plaintiff conferred a benefit upon the Defendant Keeko by improving the Property by expending more than $66,000.00 on the improvement of the property, which has increased the value of the Property by over $100,000.00, and made payments under the option to purchase.

52. The Defendant Keeko realized and appreciated the benefits conferred upon it by the Plaintiff.

53. It would be unjust for the Defendant Keeko to retain the benefit of referenced above without just compensation to the Plaintiff.

FOURTH CAUSE OF ACTION
TORTIOUS INTERFERENCE WITH A CONTRACT
As to Defendant Dulak and Keeko

54. The Plaintiff realleges and states the facts contained in paragraphs 1 through 53 above as if stated fully herein.

55. The Defendants', by refusing to provide a signed copy of the Lease and Option, did tortiously interfere with the Lease.

6 | Complaint

56. As a result of the Defendants' refusal, the Plaintiff suffered harm as she was not able to obtain the necessary financing to purchase the property. The Plaintiff is further harmed in that she expended over $66,000.00 in improvements to the Property, and was unable to purchase the Property.

### FIFTH CAUSE OF ACTION
### BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING
### As to Defendant Keeko

57. The Plaintiff realleges and states the facts contained in paragraphs 1 through 56 above as if stated fully herein.

58. Keeko, through its agent, Mr. Dulak, Breached its duty of good faith and fair dealing by not providing a signed copy of the Lease upon the Plaintiff's request, and by wrongfully withholding earned commissions for payments on the option contract.

### SIXTH CAUSE OF ACTION
### DURESS
### As to Defendants Dulak and Keeko

59. The Plaintiff realleges and states the facts contained in paragraphs 1 through 58 above as if stated fully herein.

60. The Defendant, through the wrongful act of withholding earned commissions, coerced the Plaintiff into entering into the Lease, contrary to the prior agreement of the parties.

61. The Defendant Dulak is liable to the Plaintiff for any and all damages the Plaintiff incurs as a result of the Lease, rescission of the contract, compensatory damages, and punitive damages.

### SEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT
### As to Defendants Dulak and Keeko

62. The Plaintiff realleges and states the facts contained in paragraphs 1 through 61 above as if stated fully herein.

63. The Defendant Keeko breached the Lease by refusing to sell the property to the Plaintiff for the agreed upon price, and by frustrating the contract with their unwillingness to provide a signed copy of the Lease.

WHEREFORE, PLAINTIFF REQUESTS that this Court grant judgment in favor of Plaintiff as follows:

a.  That the Court award the Plaintiff compensatory damages in an amount exceeding $67,000.

b.  That the Court award the Plaintiff Punitive damages in the amount to be determined by the Court, multiplied in accordance with the Law together with Attorney's fees and costs.

c.  That the Court award treble damages, together with costs and actual attorney's fees, for the Defendants' violation of Wis. Stat. 100.18.

d.  That the Court award such other relief as the Court deems appropriate, including ordering the Defendant to comply with the Lease and sell the property for the agreed upon price in the option.

August 26, 2022

JOHNSON & WILSON LAW SC

Electronically signed by: Nathaniel A. Johnson, Esq.
Nathaniel A. Johnson
State Bar #1070869

1745 Stephenson Street
PO Box 376
Marinette WI 54143
715-735-6671

8 | C o m p l a i n t

**FILED**
**08-26-2022**
**Clerk of Court**
**Marinette County**
**2022CV000190**
**Honorable Jane M. Sequin**
**Branch 1**

STATE OF WISCONSIN     CIRCUIT COURT
MARINETTE COUNTY     BRANCH ___

---

Starcha Sporrer
N2360 Rivers Edge Drive
Marinette, WI 54143

           Plaintiff,           2022-CV-_____

v.

                         Case Code: 30303 Other Contracts
Keeko, LLC                              30701 Declaratory Judgement
A Michigan Limited Liability Company      30106 Intentional Tort
c/o Joseph Dulak, Registered Agent
3631 10th Street, Menominee, Michigan, 49858

           Defendant,

---

**THE STATE OF WISCONSIN TO THE NAMED ABOVE AS A DEFENDANT:**

You are hereby notified that the Plaintiff above named has filed a lawsuit or other legal action against you. The Complaint which is attached states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is:

           Clerk of Circuit Court
           Marinette County Courthouse
           1926 Hall Ave.
           Marinette, WI 54143

and to Plaintiff's attorney, whose address is:

           Johnson & Wilson Law, S.C.
           P.O. Box 376
           1745 Stephenson Street
           Marinette, WI 54143

You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 26th day of August, in the year of our Lord, Two Thousand and Twenty-Two.

JOHNSON & WILSON LAW, S.C.


Electronically signed by Nathaniel A. Johnson, Esq.
State Bar No. 1070869
Attorney for Plaintiff


Johnson & Wilson Law, S.C.
P.O. Box 376
1745 Stephenson Street
Marinette, WI 54143
Direct: 715-735-6671
Fax: 888-400-4559

**FILED**
**08-26-2022**
**Clerk of Court**
**Marinette County**
**2022CV000190**
**Honorable Jane M. Sequin**
**Branch 1**

STATE OF WISCONSIN          CIRCUIT COURT          MARINETTE COUNTY
                                    BRANCH ___

Starcha Sporrer
N2360 Rivers Edge Drive
Marinette, WI 54143                        Case No 2022 CV _____

                    Plaintiff,
v.                                          Case Code:
                                            30303 Other Contracts
Joseph Dulak                                30701 Declaratory Judgment
4108 Michigan Shores Dr.                    30106 Intentional tort
Menominee, MI 49858


Keeko, LLC
A Michigan Limited Liability Company
c/o Joseph Dulak, Registered Agent
3631 10th Street, Menominee, Michigan, 49858

                    Defendants,

                    COMPLAINT

---

    **NOW COMES THE PLAINTIFF**, Starcha Sporrer, by her Attorneys, Johnson & Wilson Law, S.C., by Nathaniel A. Johnson, Esq., and as and for a Complaint alleges and shows to the Court as follows:

### PARTIES

1. The Plaintiff, Starcha Sporrer is an Adult Wisconsin Resident, with a mailing address of N2360 Rivers Edge Drive, Marinette, WI 54143.

2. On information and belief, the Defendant, Joseph Dulak, is an adult resident of the State of Michigan, with a mailing address of 4108 Michigan Shores Dr., Menominee, MI 49858 (herein after "Dulak")

3. On information and belief, Defendant Keeko, LLC, is a Michigan Limited Liability Company with a registered office address of 3631 10th Street, Menominee, Michigan, whose registered agent is Joseph Dulak. (herein after "Keeko")

1 | C o m p l a i n t

## VENUE AND JURISDICTION

4. Venue is proper in Marinette County, as the Real Estate at issue herein is situated in Marinette County, Wisconsin.

5. This court has Subject Matter Jurisdiction over this suit pursuant to Wis. Stat. 801.04, and the Wisconsin Constitution Article VII, §8.

## GENERAL ALLEGATIONS

6. The real estate at issue in this litigation is located at N2360 Rivers Edge Dr., Marinette Wisconsin, and is more particularly described as:

   That part of the SE ¼ of the NE 1/4 of Section 26, Township 30 North, Range 23 East, in the Town of Peshtigo, Marinette County, Wisconsin, described as: Beginning on the West line of said forty (as fenced), as a point 1653.06 feet South from the Northwest corner of the NE 1/4 of NE 1/4 (said point being 1110 feet South from the Southeast line of County Trunk Highway "B"); thence continuing South on said West line (as fenced), 354.53 feet; thence North 89° 38' 50" East, 661.15 feet; thence North 00° 09' East, 222.65 feet; thence West 114.28 feet; thence north 27° 03' 06" West, 200 feet; thence Westerly along the arc of a curve to the right whose radius is 50 feet and whose chord bears North 58° 31' 33" West, 85.29 feet, to the end of said curve, thence South 95 feet; thence West 383.66 feet, to point of beginning. Tax parcel #: 024-01443.004 (herein after the "Property")

7. The Plaintiff, Starcha Sporrer, on or about September of 2018, began working as a licensed real estate salesperson exclusively for Statewide Real Estate in Menominee, Michigan.

8. Statewide Real Estate is a company offering real estate brokerage and sales services in Wisconsin and Michigan, and is managed and owned, at least in part, by Joseph Dulak. (hereinafter "Statewide")

9. During the time which the Plaintiff worked for Statewide, the Plaintiff identified a home which she desired to purchase, and approached Dulak to inquire if he would be willing to purchase the Property and sell it to her on a land contract.

10. Dulak agreed to purchase the Property and sell it to the Plaintiff on a land contract.

11. On information and belief, Dulak set up a limited liability company known as Keeko, LLC, which purchased the property on or about May 22, 2020.

12. In May of 2020, Dulak told the Plaintiff that he would draft the land contract and submit it to her for signature.

13. On information and belief, sometime in May of 2020, Dulak, without a law license, drafted a Lease with an option to purchase and submitted it the Plaintiff for signature. (herein after the "Lease", which is attached hereto as Exhibit A)

14. The Lease contained an option to purchase the property for $152,000.00.

15. Shortly thereafter, the Plaintiff objected to the Lease and told Dulak that they agreed upon a Land contract, however, Dulak refused to enter into a land contract for the property and insisted that he would not pay the Plaintiff her earned commissions from Statewide until she signed the Lease.

16. In addition to wrongfully withholding earned commissions from the Plaintiff, the Defendant Joseph Dulak created a hostile work environment which included exploiting the plaintiff's financial dependency on Dulak, and frequent occurrences of sexual harassment.

17. Due to the Dulak's exploitation and coercion, the Plaintiff, under duress, signed the Lease in July of 2020.

18. The Plaintiff, on numerous occasions, requested that she be provided a copy of the signed Lease, but has not yet received a copy of the lease signed by Dulak on behalf of Keeko, LLC.

19. After signing the Lease, the Plaintiff began extensive remodeling projects to the Property, and moved into the Property in November 2020.

20. During the course of the Plaintiff's possession of the property, the plaintiff expended over $20,000 in labor and over $46,000.00 in materials improving the Property.

21. The Plaintiff contacted a lender to finance the purchase of the property, and was informed that she was pre-approved for a loan, but that the bank required a copy of the signed Lease in order to finance the purchase.

22. On March 1st, 2021, the Plaintiff notified Dulak that she desired to exercise her option to purchase, and requested that he provide her a copy of the signed Lease, but Dulak refused.

23. The Plaintiff's lender refused to provide funding without a signed copy of the Lease and option.

3 | Complaint

24. On March 9th, 2021, Dulak, on behalf of Statewide, withheld $2,000.00 from the Plaintiff's commission check and stated that he was applying it to the principal due on the option contract.

25. The Plaintiff's independent contractor relationship with Statewide was terminated by Dulak on October 10th, 2021.

26. On October 11, 2021, Dulak sent the Plaintiff a letter raising the rental payments due under the lease by 25%.

27. On October 23rd, 2021, Dulak sent a cure or vacate letter to the Plaintiff, but failed to address it to the Plaintiff's home address as stated in the Lease.

28. On February 4th, 2022, by and through her attorney, the Plaintiff sent Dulak a letter reiterating that she was ready to close the property and stated she would do so within 60 days.

29. On or about August 3, 2022, Dulak contacted the Plaintiff and stated that his family decided that the Property did not "function well in its portfolio as it is now performing" and they decided to put it on the market for around $249,900.00.

30. The Defendant Dulak, on behalf of Keeko, sent an eviction notice to the Plaintiff on August 11th, 2022.

FIRST CAUSE OF ACTION:
FRAUDULENT MISREPRESENTATION
As to Defendant Dulak

31. The Plaintiff realleges and states the facts contained in paragraphs 1 through 30 above as if stated fully herein.

32. This cause of action is based on the facts contained herein and the cause of action codified in Wis. Stat. 100.18.

33. In May of 2020, Defendant Dulak represented to Plaintiff that he would purchase the Property and sell it to the Plaintiff by a land contract. This representation was untrue, as Dulak had no intention to do so.

34. Plaintiff reasonably believed the Defendants' misrepresentation and relied on the Plaintiff's representation that he would sell her the property.

35. Plaintiff was damaged by her reliance on Defendants' misrepresentation as she was deprived the rights of title in the real estate and the costs of labor and materials she expended on the Property's improvement.

36. Dulak's representations were with total disregard for the rights of the Plaintiff, and were willful and malicious.

SECOND CAUSE OF ACTION:
FRAUDULENT MISREPRESENTATION
As to Defendant Keeko, LLC and Dulak

37. The Plaintiff realleges and states the facts contained in paragraphs 1 through 36 above as if stated fully herein.

38. This cause of action is based on the facts contained herein and the cause of action codified in Wis. Stat. 100.18.

39. In May of 2020, Defendant Dulak, acting on behalf of Keeko, LLC, represented to Plaintiff that the LLC would sell the Property to the Plaintiff by an Option to Purchase included in the Lease. This representation was untrue, as neither Dulak nor Keeko, LLC had any intention to do so.

40. Plaintiff reasonably believed the Defendants' misrepresentations and relied up the Defendants' representation that he would sell her the property.

41. Plaintiff was damaged by her reliance on Defendants' misrepresentation as she was deprived the rights of title in the real estate and the costs of labor and materials she expended on the Property's improvement.

42. The Defendants' representations were with total disregard for the rights of the Plaintiff and were willful and malicious.

THIRD CAUSE OF ACTION
DECLARATORY JUDGMENT

This is an action for a declaratory judgment pursuant to Wis. Stat. § 806.04.

43. The Plaintiff realleges and states the facts contained in paragraphs 1 through 42 above as if stated fully herein.

44. The purpose of this action is to request that the court declare the rights of the parties, and as more fully set forth herein.

45. A judgment or decree in this action will terminate the controversy or remove an uncertainty giving rise to the proceeding.

46. The Plaintiff did notify the Defendant, Keeko, LLC, of her desire to exercise their option to purchase under the Agreement.

47. The Plaintiff requested that the Defendant provide her a signed copy of the Lease and option, which was required by the bank in order to process her financing.

48. The Defendant refuses to honor the agreement of the parties and sell the property to the Plaintiff at the agreed upon price.

FOURTH CAUSE OF ACTION
UNJUST ENRICHMENT
As to Defendant Keeko

49. The Plaintiff realleges and states the facts contained in paragraphs 1 through 48 above as if stated fully herein and pleads this cause of action in the alternative to enforcement of the Lease in the contract is deemed void or voidable.

50. The contract between the parties was induced by fraud, specifically that the Defendants lied about their willingness to sell the property to the Plaintiff and used coercive means to force the Plaintiff into entering into the contract under duress, and is thus voidable by the Plaintiff.

51. The Plaintiff conferred a benefit upon the Defendant Keeko by improving the Property by expending more than $66,000.00 on the improvement of the property, which has increased the value of the Property by over $100,000.00, and made payments under the option to purchase.

52. The Defendant Keeko realized and appreciated the benefits conferred upon it by the Plaintiff.

53. It would be unjust for the Defendant Keeko to retain the benefit of referenced above without just compensation to the Plaintiff.

FOURTH CAUSE OF ACTION
TORTIOUS INTERFERENCE WITH A CONTRACT
As to Defendant Dulak and Keeko

54. The Plaintiff realleges and states the facts contained in paragraphs 1 through 53 above as if stated fully herein.

55. The Defendants', by refusing to provide a signed copy of the Lease and Option, did tortiously interfere with the Lease.

56. As a result of the Defendants' refusal, the Plaintiff suffered harm as she was not able to obtain the necessary financing to purchase the property. The Plaintiff is further harmed in that she expended over $66,000.00 in improvements to the Property, and was unable to purchase the Property.

## FIFTH CAUSE OF ACTION
### BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING
### As to Defendant Keeko

57. The Plaintiff realleges and states the facts contained in paragraphs 1 through 56 above as if stated fully herein.

58. Keeko, through its agent, Mr. Dulak, Breached its duty of good faith and fair dealing by not providing a signed copy of the Lease upon the Plaintiff's request, and by wrongfully withholding earned commissions for payments on the option contract.

## SIXTH CAUSE OF ACTION
### DURESS
### As to Defendants Dulak and Keeko

59. The Plaintiff realleges and states the facts contained in paragraphs 1 through 58 above as if stated fully herein.

60. The Defendant, through the wrongful act of withholding earned commissions, coerced the Plaintiff into entering into the Lease, contrary to the prior agreement of the parties.

61. The Defendant Dulak is liable to the Plaintiff for any and all damages the Plaintiff incurs as a result of the Lease, rescission of the contract, compensatory damages, and punitive damages.

## SEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT
### As to Defendants Dulak and Keeko

62. The Plaintiff realleges and states the facts contained in paragraphs 1 through 61 above as if stated fully herein.

63. The Defendant Keeko breached the Lease by refusing to sell the property to the Plaintiff for the agreed upon price, and by frustrating the contract with their unwillingness to provide a signed copy of the Lease.

WHEREFORE, PLAINTIFF REQUESTS that this Court grant judgment in favor of Plaintiff as follows:

a. That the Court award the Plaintiff compensatory damages in an amount exceeding $67,000.

b. That the Court award the Plaintiff Punitive damages in the amount to be determined by the Court, multiplied in accordance with the Law together with Attorney's fees and costs.

c. That the Court award treble damages, together with costs and actual attorney's fees, for the Defendants' violation of Wis. Stat. 100.18.

d. That the Court award such other relief as the Court deems appropriate, including ordering the Defendant to comply with the Lease and sell the property for the agreed upon price in the option.

August 26, 2022

JOHNSON & WILSON LAW SC

Electronically signed by: Nathaniel A. Johnson, Esq.
Nathaniel A. Johnson
State Bar #1070869

1745 Stephenson Street
PO Box 376
Marinette WI 54143
715-735-6671

STATE OF WISCONSIN
CIRCUIT COURT  MARINETTE COUNTY

_____

STARCH SPORRER,

                    Plaintiff,

v.

JOSEPH DULAK                                    Case No. 2022-CV-190

And

KEEKO LLC. ,

                    Defendants,

_____

## ACCEPTANCE OF SERVICE

_____


         Due service of a copy of the pleadings set forth below admitted this ___ day August 2022, in connection with the above captioned matter, to-wit:

   • Summons and Complaint- Joseph Dulak
   • Summons and Complaint- Keeko, LLC




                                   _____
                                         Attorney James Hermon
                                         Attorney for the defendants




Nathaniel A. Johnson, Esq. (1070869)
JOHNSON & WILSON LAW, S.C.
Attorneys at Law
PO Box 376
Marinette, WI 54143

STATE OF WISCONSIN
CIRCUIT COURT  MARINETTE COUNTY

_____

STARCH SPORRER,

                    Plaintiff,

v.

JOSEPH DULAK

And

KEEKO LLC. ,

                    Defendants,

_____

Case No. 2022-CV-190

**ACCEPTANCE OF SERVICE**

_____

     Due service of a copy of the pleadings set forth below admitted this _24th_ day August 2022, in connection with the above captioned matter, to-wit:

- Summons and Complaint- Joseph Dulak
- Summons and Complaint- Keeko, LLC

_____
                    Attorney James Hermon
                    Attorney for the defendants

Nathaniel A. Johnson, Esq. (1070869)
JOHNSON & WILSON LAW, S.C.
Attorneys at Law
PO Box 376
Marinette, WI 54143